**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Perkins, ) | |
| ) | |
| Plaintiff, ) | No. CV 04-1746-PHX-PGR (CRP) |
| ) | |
| v. ) | ORDER |
| ) | |
| Dora B. Schriro, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court is the Plaintiff's Motion for the Court to Reconsider its Order of July 28, 2005 Dismissing Plaintiff's Complaint Under Rule 12(b)(6) (Doc. 21). The Plaintiff, pro se, urges the Court to reevaluate its decision of July 28, 2005 (Doc. 20) dismissing Plaintiff's complaint due to his failure to state a claim within the applicable statute of limitations. The Plaintiff contends that the Court committed a clear error of law and in facts in calculating the statute of limitations resulting in a decision that is manifestly unjust. The Court now rules on the Plaintiff's motion.

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

should have prospective application; or (6) any other reason justifying relief from the operation of judgment. See Fed. R, Civ. P. 60(b)(1)-(b)(6).  Generally, a motion for reconsideration under Rule 60 should not be granted unless: (1) there has been an intervening change of controlling law; (2) newly discovered evidence has come to light; or (3) it is necessary to correct a clear error or prevent manifest injustice.  School District No. 1J v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Furthermore, a rule 60(b) motion must be brought within a reasonable time, which cannot be more than one year if the motion is based on mistake, newly discovered evidence, or fraud.  See Fed. R. Civ. P. 60(b).

The Court finds the Plaintiff's arguments for reconsideration merely reiterate his arguments in response to the Defendants' Motion to Dismiss.  Because he has not shown that the Court erred in dismissing his complaint of statute of limitations grounds, that new evidence has come to light, or that there has been an intervening change in the law, see ACandS, 5 F.3d at 1262, reconsideration pursuant to Rule 60(b) is inappropriate.  Accordingly,

IT IS ORDERED that the Plaintiff's Motion for the Court to Reconsider its Order of July 28, 2005 Dismissing Plaintiff's Complaint Under Rule 12(b)(6) is DENIED.

DATED this 31st day of March, 2006.

Paul G. Rosenblatt
United States District Judge